IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

DONNA LITTLE,

    PLAINTIFF,

v.                                                    CIVIL ACTION NO.

N & F No1, INC.,
& MIKE MURSHED,

    DEFENDANTS.

## COMPLAINT

### I. JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 215(a)(3) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

### II. PARTIES

2.    Plaintiff, Donna Little, (hereinafter "Plaintiff") is a resident of Russellville, Franklin County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1).

1

Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Northwestern Division.

3. Defendant N & F No. 1, Inc. (hereinafter "Defendant"), is a company registered and doing business in the State of Alabama. Therefore, this Court has personal jurisdiction over Defendants. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s).

4. Defendant Mike Murshed (hereinafter "Mike Murshed" and/or "Defendant') is an employer within the meaning of the FLSA, as he directed the operations of the Defendant N & F No. 1, Inc., and exercised supervisory control over the Plaintiff as complained of herein in violation of the FLSA. Upon information and belief, Defendant Mike Murshed is a resident of the State of Alabama, Northern District of Alabama.

### III. STATEMENT OF FACTS

5. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-4 above.

6. On or about June of 2015, Defendant hired Plaintiff to work as a Cashier in its store Churn Town store, located in Phil Campbell, Alabama

7. Defendant initially paid Plaintiff the federal minimum wage of $7.25 per hour.

8. At some point after the start of the employment relationship, Defendant increased Little's pay to $8.05 per hour

9. In November of 2016, Defendant transferred Little to its Southside Store and continued compensating at her current rate of pay of $8.05 per hour.

10. At all times during the employment relationship, Defendant classified Plaintiff as an hourly paid, non-exempt employee.

11. During the two years preceding the filing of this complaint, Plaintiff typically worked over forty hours in a work week.

12. During work weeks in which Plaintiff worked 40 hours per week, Defendant did not compensate Plaintiff at one and one-half times her regular rate of pay for hours worked in excess of forty (40) in a work week.

13. Defendant maintains a policy in which it requires cashiers to clock out when they pull the cash drawer out of the cash register.

14. Defendant also maintains a policy wherein it requires cashiers to balance the transactions in the drawer after their scheduled shifts have ended, but Defendant does not compensate cashiers, including Plaintiff, for the additional time that they are required to work to accomplish this task.

15. In addition, if there are customers filling their gas tanks outside, or in line at the register, when the scheduled shift ends, the employee is required to stay

and serve the customers, but Defendant does not compensate the employees for that work.

16. When Plaintiff does mark her time card indicating that she has worked over her scheduled shift, her manager, Mike Murshed, adjusts the time to the scheduled shift time, even though she worked hours in excess of forty for the work week.

17. Instead of paying the legally required overtime rate, Defendant paid Plaintiff cash payments at her regular hourly rate of pay.

18. Defendant did not these cash payments regularly and such cash payments were often unpaid until as many as 5 days after the regularly scheduled pay day.

19. Defendant also maintained a policy in which it deducted employee pay for shortages, including cigarette inventory shortages, and gas purchases, in which the driver leaves without paying.

20. Because of these policies, there were many work weeks in which Plaintiff worked several hours without receiving all the straight-time pay that she has earned.

21. Because of these policies, there were many work weeks in which Plaintiff worked several hours without receiving all the overtime pay that she has earned.

22. Because of these policies, there were many work weeks in which Plaintiff did not receive minimum wage for the hours that she worked.

## IV. COUNT ONE – FLSA – Overtime Violations

23. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-22 above.

24. During the two years preceding the filing of this Complaint, Defendant is an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

25. During the two years preceding the filing of this Complaint, Defendant has been a company whose employees, including the Plaintiff, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

26. During the two years preceding the filing of this Complaint, Defendant's gross annual volume of revenue, on a rolling quarterly basis exceeded $500,000.

27. At all times relevant to this action, Defendant was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

28. During the two years preceding the filing of this Complaint, Plaintiff, was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

29. Plaintiff was engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendant. Plaintiff's interstate commercial activity included, but was not limited to, selling products that originated out of state or outside of the United States, and processing credit card and debit card transactions that crossed state lines.

30. During the two years preceding the filing of this Complaint, Defendant recorded Plaintiff's hours worked in excess of forty hours for a work week on at least one or more occasion.

31. Defendant's work week for purposes of recording hours worked commences on Saturday at 12:00 a.m. and ends on Friday at 11:59 p.m.

32. Defendant is a retailer of gasoline and convenience store that sells food and other products to travelers.

33. During the course of the employment relationship, Defendant employed Plaintiff at its Phil Campbell and Southside locations.

34. Defendant failed to pay Plaintiff for all hours worked in excess of forty in a work week.

35. Defendant's stated policy is that Plaintiff was expected to balance her cash drawer, and conduct inventory control tasks, after the end of her shift without compensation.

36. Defendant required Plaintiff to work various shifts during the work week, often being the only employee at the store.

37. Plaintiff often worked in excess of 60 hours per week.

38. Plaintiff followed Defendant's policy of clocking-out after the end of the shift, but continued to assist Defendant's customers during her off time, including counting down her cash drawer and counting inventory.

39. Plaintiff estimates that she worked 15 to 30 minutes after her scheduled work day in order to complete her job duties.

40. Defendant's management, including Mike Murshed, had knowledge of Plaintiff's hours worked and knowledge of Defendant's policies resulting in off-the-clock work.

41. Defendant last paid Plaintiff an hourly rate of $8.05 per hour.

42. Defendant failed to pay Plaintiff for all hours worked in excess of forty during a work week at an overtime rate of one and one-half her regular hourly rate.

43. As the result of Defendant's violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

## VI.   PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

  B. This Court award Plaintiff the amount of her unpaid overtime wages, plus an additional equal amount as liquidated damages; nominal damages; and special damages;

  C. That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

  D. For such other and further relief as this Court deems equitable, proper and just.

_____
Allen D. Arnold

_____
Kira Fonteneau

OF COUNSEL:

FONTENEAU & ARNOLD, LLC
2151 Highland Avenue Suite, Suite 110
Birmingham, AL 35205
205.252.1550 - Office
205.502-4476 - Facsimile

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
Attorney

**SERVE DEFENDANTS AT:**
N & F No1 Inc.
12301 Highway 43 S.
Russellville, AL 35653

Mike Murshed
12301 Highway 43 S.
Russellville, AL 35653